WILLIAM H. RICHARDSON *vs.* JOHN W. TAYLOR & others.

Middlesex. November 21. — 22, 1883. C. ALLEN & HOLMES, JJ., absent.

A. was employed as bookkeeper of a firm composed of B. and C., upon the disso-
lution of which B. bought the interest of C. therein, and continued A. in his
employ for a short time. A. was authorized by C. to settle with B. in his behalf.
After the dissolution, A. and B. looked over the partnership accounts together,
and B. had the books for examination for the purpose of ascertaining how
the accounts stood, and what amount was due to each partner. A statement of
the partnership accounts was made by A., showing a certain sum due to C.,
which B. paid to A. as C.'s agent. This statement was in fact erroneous, and
the sum paid by B. was in excess of the sum due C. on the settlement. A. said
to B., at the time of the settlement, that, if it was not right, it should be made
right. There was no intentional fraud or misrepresentation on A.'s part, and
he had no personal interest in the settlement, and only acted as agent of the
partners. *Held*, on a bill in equity by B. against A. and C., that A. was not
liable to B. in any form of action.

BILL IN EQUITY, against John W. Taylor, Charles H. Tay-
lor, and William E. Taylor. The case was referred to a master,
who found among others the following facts, which are all that
are material to the point decided :

In October, 1872, a copartnership was formed between the
plaintiff and the defendants Charles H. Taylor and William E.
Taylor, for the purpose of carrying on the express business.
Upon the dissolution of the partnership, the plaintiff bought
the interest of the other two partners in the firm, who author-
ized the defendant John W. Taylor, their father, to settle with
the plaintiff in their behalf. John W. Taylor had been em-
ployed by the firm as bookkeeper, and continued in the employ
of the plaintiff for about a month after the dissolution of the
firm. While John W. Taylor was thus employed by the plain-
tiff, they looked over the partnership accounts together, and
the plaintiff had the books for examination for the purpose of
ascertaining how the accounts stood, and what amount was due
to each partner. The settlement finally made was based upon
the statement of the partnership accounts as made up by John
W. Taylor, and neither of the other defendants had anything to
do with the settlement. The plaintiff paid $1270 to John W.
Taylor, as the authorized agent of the other defendants, as the
amount due them upon such settlement. John W. Taylor said

to the plaintiff at the time of the settlement, in substance, that, if the settlement as made was not right, it should be made right. There was no intentional fraud or misrepresentation on the part of John W. Taylor, and he had no personal interest in the settlement, and only acted as agent for the other defendants, and, in some degree, in looking over the books and accounts, acted as the agent of all the copartners to ascertain the amount due each.

There was in fact due the plaintiff from Charles H. Taylor the sum of $456.05, and from William E. Taylor the sum of $263.59. If John W. Taylor was liable in equity to the plaintiff, the amount of such liability is $719.64, provided such liability is for the full amount of the over payment.

At the hearing before a single justice the bill was dismissed as against John W. Taylor, without costs, and without prejudice to any action at law; and a decree was ordered for the plaintiff against Charles H. Taylor and William E. Taylor for the amount found due by the master, with interest and costs. The plaintiff appealed from so much of the decree as discharged John W. Taylor.

*B. F. Briggs*, for the plaintiff.

*W. H. Towne*, for John W. Taylor.

BY THE COURT. Without considering whether the defendant John W. Taylor is properly joined in this suit, we are of opinion that the master's report shows no ground upon which he can be held liable in any form of action. He examined the books of the old firm, acting as agent of all parties. The master finds that, in doing this, he acted honestly and in good faith. There is no evidence to show that he agreed to guarantee the accuracy of the result of his examination, and there is no evidence of false representations or of fraud or negligence by him which would render him liable to the plaintiff.

*Decree affirmed.*